```
            IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**EUGENE JACKSON,**

                **Plaintiff,**

        **v.**                               **CASE NO.  07-3185-SAC**

**DAVID R. McKUNE,**
**et al.,**

                **Defendants.**

## O R D E R

    This civil rights complaint, 42 U.S.C. 1983, was filed by an inmate of the Lansing Correctional Facility, Lansing, Kansas (LCF). Plaintiff names as defendants LCF Warden McKune, Kansas Secretary of Corrections Werholtz, Correct Care Solutions (CCS) at LCF, and three doctors and a nurse employed by CCS.

    As factual support for his complaint, plaintiff alleges as follows. On March 14, 2006, while plaintiff was on a prison work detail, he was injured by a falling tree. He was improperly moved by non-medical personnel, which resulted in further injury. Twice on the day of the incident and on March 15, he was taken to the medical clinic at LCF, where he was prescribed medication and restrictions were placed on his activities including bending, squatting, weight lifting, and "lay-ins." He "continued to experience severe back/neck pain" and returned to the clinic "several" times between March 22, and April 3, 2006, but received no treatment other than additional, temporary work restrictions and lay-ins. He was seen by Dr. Houng on March 17, 2006, who "questioned the injury and refused to take x-rays." He was taken to the medical clinic several times over the following days, but was

never given proper treatment. On April 19, 2006, he was ordered to paint as a work assignment, even though he informed "the OIC" of his restrictions and complained to Officer Hicthin of severe pain from the work. On April 21, 2006, he collapsed and fell down stairs due to his weakened condition and the pain in his back and neck.

Based on his allegations, Mr. Jackson complains he was unable to "get prompt adequate medical attention" and has been denied proper medical treatment since March 14, 2006. He further complains he was denied professional outside attention when he asked for a second opinion due to the chronic nature of his back injury. Plaintiff generally asserts that all defendants have denied him proper medical treatment and were deliberately indifferent to his serious medical needs, in violation of his rights under the Eighth and Fourteenth Amendments to remain free of cruel and unusual punishment. He also asserts he has been denied due process. He additionally asserts that this court has "supplemental jurisdiction" over his claims under state tort laws. He seeks compensatory and punitive damages for cruel and unusual punishment, pain, mental anguish, humiliation, and psychological injury, as well as costs. He also seeks injunctive relief requiring the State of Kansas and CCS to stop any retaliatory measures including requiring him "to work outside" his capabilities given his medical conditions, and to provide him with proper medical treatment restoring "full use of his back."

**FILING FEE**

Plaintiff has filed a motion for leave to proceed in forma pauperis (Doc. 3), and attached an Inmate Account Statement in

2

support as statutorily mandated.  Section 1915(b)(1) of 28 U.S.C., requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.  Having examined the records of plaintiff's account, the court finds the average monthly deposit to plaintiff's account is $54.19 and the average monthly balance is $164.18.  The court therefore assesses an initial partial filing fee of $32.50, twenty percent of the average monthly balance, rounded to the lower half dollar[1].  Plaintiff shall be given time to submit the assessed fee to the court.  If the partial fee is not submitted within the time prescribed, this action may be dismissed without further notice.

**SCREENING**

Because Mr. Jackson is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

**FAILURE TO ALLEGE PERSONAL PARTICIPATION**

---

[1] Pursuant to 28 U.S.C. §1915(b)(1), plaintiff will remain obligated to pay the full $350 district court filing fee in this civil action.  Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).

3

Plaintiff makes conclusory allegations of responsibility on the part of each defendant, but fails to describe acts taken by each amounting to his or her personal participation in the alleged denial of medical treatment to him.  Werholtz and McKune are sued based on their alleged "total authority" over KDOC and prison employees and contractors[2].  Dr. Norris and Dr. Edelman are sued based on their "total authority for CCS medical providers."  Nurse Palmer, Health Care Administrator CCS, is sued as authority over all inmate medical care services at LCF.  Dr. Houng is sued as a physician responsible for medical care of LCF inmates; however Dr. Houng is also mentioned in the body of the complaint.  KDOC and prison officials may not be held liable under 42 U.S.C. § 1983 based solely upon their supervisory capacity.  Instead, plaintiff must allege facts indicating when and how each named defendant was made aware of his serious medical needs, and what action each defendant took or failed to take, which demonstrates his or her deliberate indifference to those needs.  Plaintiff will be given time to state facts showing the personal participation of each defendant in the alleged denial of medical treatment[3].  If he fails to allege such additional facts, this action may be dismissed without further notice.

**FAILURE TO STATE A CLAIM OF CRUEL AND UNUSUAL PUNISHMENT**

---

[2] Plaintiff makes the conclusory statement that these defendants have been "aware" of his need for medical treatment "through documentation, greivences (sic), adminstrative (sic) remedies," but chose to ignore his "many pleas for help."  KDOC and prison officials may not be held liable under 42 U.S.C. 1983 based solely upon their appellate review of administrative decisions.

[3] Plaintiff's claim that defendants have all conspired to deny him medical treatment is not supported by any factual allegations whatsoever, and will not be considered further.

The United States Supreme Court has held that an inmate claiming cruel and unusual punishment based upon inadequate provision of medical care must establish "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir. 1991); Riddle v. Mondragon, 83 F.3d 1197, 1203 (10th Cir. 1996).

With respect to the subjective component, an inadvertent failure to provide adequate medical care or a negligent diagnosis "fail[s] to establish the requisite culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 297 (1991). Thus, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle, 429 U.S. at 106. A prison official does not act in a deliberately indifferent manner unless that official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.; Farmer v. Brennan, 511 U.S. 825, 837 (1994). As the United States Supreme Court has explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind."  * * *  In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.  It is only such indifference

5

>     that can offend "evolving standards of decency" in
>     violation of the Eighth Amendment.

Id. at 105-106 (footnote omitted). In sum, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id.

Likewise, a simple difference of opinion between an inmate and prison medical staff regarding a course of treatment does not amount to cruel and unusual punishment. Estelle, 429 U.S. at 106-07; Ledoux v. Davies, 961 F.2d 1536 (10th Cir. 1992); see Handy v. Price, 996 F.2d 1064, 1067 (10th Cir. 1993)(affirming that a quarrel between a prison inmate and the doctor as to the appropriate treatment for hepatitis did not successfully raise an Eighth Amendment claim); El'Amin v. Pearce, 750 F.2d 829 (10th Cir. 1984); Jones v. McCracken, 562 F.2d 22 (10th Cir. 1977), cert. denied, 435 U.S. 917 (1978); Smart v. Villar, 547 F.2d 112 (10th Cir. 1976); Coppinger v. Townsend, 398 F.2d 392 (10th Cir. 1968). As stated by the Tenth Circuit Court of Appeals:

>     A claim of total denial of medical care differs from a
>     claim of inadequacy of medical care. We need not decide
>     whether denial of medical care to prisoners in reasonable
>     need thereof is sufficient to sustain a claim under § 1983
>     because in the instant case the allegations of the
>     complaint show that medical care has been furnished.

Coppinger, 398 F.2d at 394. Plaintiff's allegations indicate he has been provided medical care, but there a difference of opinion between his lay wishes and the professional diagnosis of the prison medical staff. A prisoner's right is to medical care-not to the type or scope of medical care which he personally desires.

Moreover, a delay in providing medical care, rather than a denial altogether, does not amount to an Eighth Amendment violation unless the inmate can show that substantial harm resulted from the

delay.  <u>Garrett v. Stratman</u>, 254 F.3d 946, 950 (10th Cir. 2001); <u>Mata v. Saiz</u>, 427 F.3d 745 (10th Cir. 2005); <u>Olson v. Stotts</u>, 9 F.3d 1475 (10th Cir. 1993).

With regard to plaintiff's claim that he is being required to perform work contraindicated by his medical conditions, he must allege objective facts showing he is being subjected to "conditions posing a substantial risk of serious harm." <u>Farmer</u>, 511 U.S. at 834.  He must also prove the subjective element that the defendant exhibited the culpable state of mind known as "deliberate indifference." <u>Farmer</u>, 511 U.S. at 834.  <u>Martinez v. Garden</u>, 430 F.3d 1302, 1304 (10th Cir. 2005)("The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety.").

In his complaint and supplement, plaintiff claims he has not received proper medical treatment.  However, he does not describe additional or different treatment, which was found to be necessary by qualified medical personnel, and yet withheld by defendants.  In his motion and declaration for preliminary relief, he states in general terms that defendants' failure to provide him with physical therapy or surgery is contrary to doctor's orders.  Again, he fails to provide details including dates, the prescribing doctor's name, and other circumstances when he was prescribed physical therapy or surgery.  Nor does he name particular defendants and describe how they became aware of a doctor's orders for different or additional treatment, which they then refused to provide.  Plaintiff also claims he has the right to be seen by a specialist outside the prison qualified to assess and treat his condition. However, he has no such right absent facts establishing that he cannot receive

7

adequate treatment from prison medical staff.

A "pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a broad reading of the complaint does not relieve the plaintiff of the burden of alleging sufficient facts to state a claim on which relief can be based. Id. Conclusory allegations without supporting factual averments are insufficient to state a claim. The court cannot assume the role of advocate for the pro se litigant, and supply facts or legal theories.

The court finds that plaintiff fails to allege sufficient facts in the complaint to support a claim of cruel and unusual punishment under the Eighth Amendment[4], and alleges no facts in support of a due process claim. He shall be given time to provide additional facts in support of his claims. If plaintiff does not provide additional facts within the time allotted, this action may be dismissed for failure to allege sufficient facts in support of a federal constitutional violation.

**MOTIONS**

Plaintiff is not entitled to appointment of counsel in this civil rights action. It appears from the complaint that he is capable of presenting the circumstances underlying his claims.

---

[4] Plaintiff is cautioned that his allegations may eventually be determined by the court to amount, at most, to a claim for medical malpractice or of inadvertent delay, and not a federal constitutional violation. In that event, his remedy would be in state, not federal, court. He would be well-advised to diligently pursue any remedies in state court in order to avoid the applicable state statute of limitations.

Accordingly, the court denies his motion to appoint counsel (Doc. 4). The denial is without prejudice, so that he may file a new motion for counsel at a later stage of the proceedings if he so decides. Plaintiff's motions for preliminary relief (Doc. 7) are denied, as he has not alleged sufficient facts showing his entitlement to such extraordinary relief.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee of $32.50. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same thirty (30) days, plaintiff is required to allege additional facts in support of his claims or show cause why this action should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Temporary Restraining Order (Doc. 7), Motion for Preliminary Injunction (Doc. 7), and Motion to Appoint Counsel (Doc. 4) are denied, without prejudice.

**IT IS SO ORDERED.**

Dated this 27th day of August, 2007, at Topeka, Kansas.

<pre>
                              s/Sam A. Crow
                              U. S. Senior District Judge
</pre>